NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASAN MURAD OSIRIS AHAD BEYAH, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF NEW JERSEY, et al., <br><br> Defendants. | Civil Action No.:13-3156 (CCC) <br><br><br> O P I N I O N |

**CECCHI**, District Judge.

Pro Se Plaintiff Hasan Murad Osiris Ahad Beyah ("Plaintiff") seeks to bring this action *in forma pauperis*, alleging violations of his constitutional rights. At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the complaint will be dismissed without prejudice.

## BACKGROUND

From what the Court can decipher from Plaintiff's handwritten complaint, Plaintiff "was released from custody of the Department of Correctional Services of the State of New York" and now resides in the City of Newark. (Compl. ¶ 1.) Plaintiff

alleges that he is "under 24 hours electronic surveillance" by the "Police Department of the City of Newark on more than one occasion." (Id.) Plaintiff further alleges that "this electronic surveillance, which includes bodily integrity, reading, writing, studying and thinking, accessing the internet (information highway), and prior restraints on ability to talk to women (in general) . . . stems from Employee(s) and Officer(s) of the Government working under color of state law(s) of the state(s) of New York and New Jersey." (Id.) Plaintiff also contends that his "monthly general assistance ($140) and Food Stamp [] amounts have . . . proven 'insufficient.'" (Id. ¶ 2.)

Plaintiff's claims were raised in a petition filed pursuant to, inter alia, 42 U.S.C. § 1983 in this District Court.

## DISCUSSION

### A. Standards for *Sua Sponte* Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

2

The pleading standard under Rule 8 was refined by the United States Supreme Court in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009). In <u>Ashcroft</u>, the Supreme Court hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim. See <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009). The Supreme Court clarified as follows:

> Two working principles underlie our decision in <u>Twombly</u>. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

---

[1] The <u>Conley</u> court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46.

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

Since Iqbal, the Third Circuit has required district courts to conduct, with regard to Rule 8 allegations, a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> To determine the sufficiency of a complaint under the [Iqbal] pleading regime ..., a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010) (internal footnote omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

B. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C.

4

§ 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C. **Plaintiff's Claims**

Plaintiff's complaint is dismissed, without prejudice, for failure to meet the pleading requirements of Rule 8 and Iqbal. In particular, Plaintiff has not pleaded sufficient facts to allege a violation of 42 U.S.C. § 1983. Plaintiff may file an amended complaint, but is advised that any such amended complaint must conform to the standards as set forth above and by the Supreme Court in Iqbal.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint is dismissed, without prejudice, for failure to meet the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff may file an amended complaint within forty-five (45) days of the date of this Opinion.

An appropriate Order accompanies this Opinion.

CLAIRE C. CECCHI
United States District Judge

Dated: July 31, 2013